**JUDGE MUKASEY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05 CV 5200

------------------------------------------------------------X

FELIPE FERREIRA,

                Plaintiff,

    -against-

NEW YORK STATE DEPARTMENT,

                Defendant.

------------------------------------------------------------X

**TRANSFER ORDER**

    Plaintiff, appearing *pro se*, and presently incarcerated in the Bare Hill Correctional Facility, brings the instant action under 42 U.S.C. § 1983, seeking, amongst other relief, $150,000.00 in damages.[1] See Complaint at ¶ III. For the following reasons, however, the instant action is transferred to the United States District Court for the Northern District of New York.

    The relevant venue provision for a §1983 action is found at 28 U.S.C. §1391(b), which provides that:

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .

§1391(b). Since a substantial part of the alleged events or omissions giving rise to plaintiff's claims appear to have occurred in the Mt. McGregor Correctional Facility, see Complaint at ¶ II, in Saratoga County, New York, which is located within the Northern District of New York, see 28 U.S.C. § 112(a), the instant action should be and is hereby transferred to the United States District

---

[1] This Court received the instant complaint on March 3, 2005.

Court for the Northern District of New York. 28 U.S.C. §§1391(b), 1406(a).

The Clerk of Court shall file and docket the instant action without payment of fees and a summons shall not issue from this Court. Whether plaintiff should be permitted to proceed further without the payment of fees is a determination to be made by the transferee court.[2] The Clerk of Court is directed to transfer the instant action to the United States District Court for the Northern District of New York. That provision of Local Civil Rule 83.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York which requires a five-day delay is waived.

SO ORDERED.

MICHAEL B. MUKASEY
Chief Judge

Dated: JUN 0 1 2005
New York, New York

---

[2] The enforcement of the Prison Litigation Reform Act of 1995, signed into law on April 26, 1996 and codified at 28 U.S.C. § 1915, shall be left to the transferee court.